UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIFFANY TAYLOR, individually and on
behalf of all others similarly situated,

Plaintiff,

-against-

MARIANI PACKING CO. INC.,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/29/2024_

24 Civ. 8134 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On October 25, 2024, Defendant removed this action from Supreme Court, Queens County. ECF No. 1. A defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The right of removal is "a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). A federal district court may *sua sponte* remand an action within thirty days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131–33 (2d Cir. 2006).

Removal of this case is improper. Under 28 U.S.C. § 1441(a), removal of a state court action must be "to the district court of the United States for the district and division embracing the place where such action is pending." Removal of an action from Supreme Court, Queens County, to the Southern District of New York is improper because Queens County is in the Eastern District of New York. *See* 28 U.S.C. § 112(c).

This action is REMANDED to Supreme Court, Queens County.

SO ORDERED.

Dated:  October 29, 2024
        New York, New York

ANALISA TORRES
United States District Judge